**ORIGINAL**

# In the United States Court of Federal Claims

No. 16-725 C
(Filed: July 5, 2016)

**FILED**
**JUL - 5 2016**
U.S. COURT OF
FEDERAL CLAIMS

**NOT FOR PUBLICATION**

| | |
|---|---|
| R. WAYNE JOHNSON, ) | Pro Se; Prisoner; Sua Sponte |
| ) | Dismissal under 28 U.S.C. |
| Plaintiff, ) | § 1915(g); Prohibiting Further |
| ) | Filings Without Permission |
| v. ) | |
| ) | |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

R. Wayne Johnson, Amarillo, Tex., pro se.

## OPINION AND ORDER OF DISMISSAL

CAMPBELL-SMITH, Chief Judge

On June 20, 2016, R. Wayne Johnson, also known as Ronald Wayne Johnson, filed a complaint in which he claims the United States Supreme Court lacked jurisdiction to hear his petition for writ of certiorari. Compl. 2,[1] ECF No. 1 (citing U.S. case no. 15-8580). The Supreme Court dismissed his complaint. Id. Mr. Johnson did not name an employee of the Supreme Court in his complaint. Neither did he specify a defendant.[2] Nor did he explain why he filed a petition with the Court, if he believed it lacked jurisdiction to hear it. Mr. Johnson is incarcerated in the state prison in Amarillo, Texas. He brings his claim without counsel.

---

[1] The cited page numbers are those affixed by the court's CM/ECF system at the top of each page.

[2] The United States appears as defendant in the case caption according to Rule 10(a) of the Rules of the United States Court of Federal Claims (RCFC), which states that "[t]he title of the complaint must name all the parties . . . with the United States designated as the party defendant." RCFC 10(a). Mr. Johnson did not name the United States as a defendant in his complaint.

To date, Mr. Johnson has neither paid the court's $400.00 filing fee nor filed an application to proceed in forma pauperis. On June 20, 2016, the Clerk's Office sent Mr. Johnson a notice with information regarding filing an application to proceed in forma pauperis. Nonetheless, it is unnecessary for the court to await Mr. Johnson's reply, as it is clear that he may not proceed in forma pauperis. See 28 U.S.C. § 1915(g) (2012). A prisoner who brings suit in a federal court is subject to a limitation on proceeding in forma pauperis—commonly known as the "three strikes rule."

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). A prisoner is defined as "any person incarcerated . . . in any facility who is . . . convicted of, sentenced for . . . violations of criminal law." 28 U.S.C. § 1915(h).

The court's review of decisions issued in prior federal lawsuits filed by Mr. Johnson readily shows that he has a lengthy history with each of the federal courts in Texas. Mr. Johnson has filed at least five complaints or appeals, while incarcerated, that a federal court has dismissed as either frivolous or for failure to state a claim upon which relief may be granted. See Order 3, Johnson v. Goains, No. 4:12-cv-00046 (W.D. Tex. May 14, 2012), ECF No. 7 (dismissing complaint for failure to state a claim); Order 2, Johnson v. Kennedy, No. 2:09-cv-00210 (S.D. Tex. Nov. 24, 2009), ECF No. 16 (dismissing complaint as frivolous and for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1), and stating this dismissal constituted a strike under 28 U.S.C. § 1915(g)); Johnson v. Whatley, No. 02-40760, 73 F. App'x 79 (5th Cir. 2003) (dismissing appeal as frivolous, and stating that Johnson has at least three strikes under 28 U.S.C. § 1915(g), and thus is "BARRED from bringing any civil action or appeal IFP while he is incarcerated or detained in any facility unless he shows that he is under imminent danger of serious physical injury"); Johnson v. Tepper, No. 1:02-cv-00656 (W.D. Tex. Oct. 11, 2002) (dismissing complaint as frivolous pursuant to 28 U.S.C. § 1915(e)), ECF No. 4, appeal dismissed, Order 2, No. 02-51232 (5th Cir. Mar. 31, 2003) (dismissing appeal as frivolous and issuing a "sanctions warning" as the dismissal of the complaint and appeal are two strikes under 28 U.S.C. § 1915(g)).

Mr. Johnson has had more than three complaints dismissed on the grounds that the complaint was frivolous, malicious, or failed to state a claim upon which relief may be granted. The case management/electronic case files (CM/ECF) docket for each case

includes Mr. Johnson's Texas Department of Criminal Justice Number—282756—the same number reflected on this court's docket.  As Mr. Johnson filed each complaint while incarcerated, each dismissal counts as a strike under 28 U.S.C. § 1915(g).  Accordingly, Mr. Johnson may not bring a complaint in this court, or any federal court, in forma pauperis.

Unless granted leave to proceed in forma pauperis, a plaintiff filing a complaint in this court is required to pay the filing fee, in advance.  See 28 U.S.C. § 1926(b) (2012) ("The [Court of Federal Claims] may require advance payment of fees by rule."); Rule 77.1(c)(3) of the Rules of the United States Court of Federal Claims ("Fees for services rendered by the clerk must be paid in advance . . . .").  Mr. Johnson did not pay the requisite filing fee, nor may he proceed in forma pauperis.  Accordingly, Mr. Johnson has not satisfied the requirements for maintaining a complaint in this court.  See, e.g., Perry v. United States, 558 F. App'x 1010, 1010-11 (Fed. Cir. 2014) (per curiam) (dismissing appeal for failure to pay the proper filing fee).

The court notes that it is aware of Mr. Johnson's long history of filing meritless complaints in courts nationwide.

Review of Mr. Johnson's litigation history shows that he is now under no-filing orders in other federal courts.  In June 2013, Magistrate Judge Clinton E. Averitte of the District Court for the Northern District of Texas recommended sanctions against Mr. Johnson for his past conduct as an "abusive litigant."  R. & R. 3, 8-9, Johnson v. U.S. Marine Corps, No. 2:13-cv-00066 (N.D. Tex. June 21, 2013), ECF No. 8.

Magistrate Judge Clinton E. Averitte compiled a list of more than sixty cases filed by Mr. Johnson in the district courts in Texas, as well as district courts in the states of Alabama, California, Missouri, Oklahoma, and Tennessee.  R. & R. 3-7, Johnson v. U.S. Marine Corps, No. 2:13-cv-00066 (N.D. Tex. June 21, 2013), ECF No. 8.  These cases span a total of twenty-four years, from June 1989 to June 2013, none of which resulted in relief for Mr. Johnson.  Id.

As a result, Judge Averitte recommended that Mr. Johnson be "prohibited from filing any civil action, including habeas corpus actions," without prior leave of the Court.  Id.  The district judge adopted Judge Averitte's recommendation in its entirety.  Order, Johnson, No. 2:13-cv-00066 (July 15, 2013), ECF No. 9.

In his complaint before this court, Mr. Johnson takes issue with the United States Supreme Court.  Compl. 2.  Review of the Supreme Court docket shows that it too found Mr. Johnson to be an abusive litigant, and directed that the Clerk accept no further filings without payment of the Court's filing fee.

> The motion for leave to proceed in forma pauperis is denied, and the petition for a writ of certiorari is dismissed. See Rule 39.8. As the petitioner has repeatedly abused this Court's process, the Clerk is directed not to accept any further petitions in noncriminal matters from petitioner unless the docketing fee required by Rule 38(a) is paid and the petition is submitted in compliance with Rule 33.1. See Martin v. District of Columbia Court of Appeals, 506 U.S. 1 (1992) (per curiam).

Order, Johnson v. Stephens, No. 15-8580 (U.S. May 23, 2016), http://www.supremecourt.gov/search.aspx?filename=/docketfiles/15-8580.htm (last visited June 28, 2016).

And finally, the court considers Mr. Johnson's history in this court. Mr. Johnson has filed four prior complaints in this court. Despite the prior exhaustion of his § 1915(g) in forma pauperis filing rights, Mr. Johnson filed each complaint without payment of the court's filing fee. A judge of this court dismissed each complaint, and the Federal Circuit likewise dismissed appeals Mr. Johnson brought after two of those dismissals.

> Order denying Motion to Vacate Judgment, Johnson v. United States, No. 14-294 (Fed. Cl. Apr. 13, 2016), ECF No. 24, appeal dismissed, No. 2016-1915 (Fed. Cir. June 1, 2016), ECF No. 5.

> Order of Dismissal, Johnson v. United States, Nos. 14-294, 14-537 (Fed. Cl. Aug. 5, 2014, ECF No. 18.

> Order of Dismissal, Johnson v. United States, No. 13-875 (Fed. Cl. Nov. 8, 2013), ECF No. 5.

> Order of Dismissal, Johnson v. United States, No. 08-318 (Fed. Cl. July 18, 2008), ECF No. 8, appeal dismissed, No. 2008-5109 (Fed. Cir. Dec. 9, 2008).

In his most recent filing, Mr. Johnson filed a Rule 60(b)(4) motion to vacate judgment.[3] Mot. Vacate 1, Johnson v. United States, No. 14-cv-00294 (Fed. Cl. Mar. 16, 2016), ECF No. 23. The trial court denied the motion on April 13, 2016, noting that Mr. Johnson appeared to be seeking relief from an order issued by another court. Order, Johnson, No. 14-cv-00294 (Apr. 13, 2016), ECF No. 24. Mr. Johnson then appealed the denial of his Rule 60 motion to the Federal Circuit. Notice Appeal, Johnson, No. 14-cv-00294 (Apr. 25, 2016), ECF No. 25. In his appeal, Mr. Johnson included a copy of the

---

[3] This matter was before another judge of this court, Senior Judge Nancy B. Firestone.

trial judge's April 13, 2016 order, which he marked up with hand written comments, including calling the federal judge a "stupid moron," and stating that "she can be sued too." Id. at 2. The Federal Circuit dismissed the appeal for failure to pay the filing fee. Order, Johnson v. United States, No. 2016-1915 (Fed. Cir. June 1, 2016), ECF No. 5.

As he has in numerous other federal courts, Mr. Johnson has exhausted the patience of this court with his vexatious filings.

Under 28 U.S.C. § 1915(g), Mr. Johnson is ineligible to proceed in this matter in forma pauperis. Plaintiff's complaint is **DISMISSED** without prejudice for failure to pay the filing fee. The Clerk of Court will enter judgment for defendant. No costs.

Plaintiff may refile his complaint, together with payment of the court's $400.00 filing fee. The fee may be paid by check or money order payable to the "Clerk, U.S. Court of Federal Claims."

**As Mr. Johnson has accumulated more than three strikes under 28 U.S.C. § 1915(g), and has shown himself to be a persistent vexatious litigant, the court directs that the Clerk of Court shall file no further documents in this case, except an appeal of this decision, without written permission from the undersigned.**

IT IS SO ORDERED.

PATRICIA E. CAMPBELL-SMITH
Chief Judge